UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| QXMÉDICAL, LLC, | Case No. 17-CV-1969 (PJS/TNL) |
| Plaintiff, | |
| v. | ORDER |
| VASCULAR SOLUTIONS, LLC; ARROW INTERNATIONAL LLC; TELEFLEX LIFE SCIENCES LIMITED; and TELEFLEX LLC, | |
| Defendants. | |

Courtland C. Merrill, SAUL EWING ARNSTEIN & LEHR, LLP, for plaintiff.

J. Thomas Vitt, JONES DAY, for defendants.

This case has been ready for trial since November 2019.  In December 2019, however, the Court granted the motion of plaintiff QXMédical, LLC ("QXMédical") to stay this action in light of pending petitions for *inter partes* review ("IPR") that had been filed by non-party Medtronic, Inc., ("Medtronic") in connection with a different case pending before this Court.  ECF No. 194.  After the Patent Trial and Appeal Board ("PTAB") instituted review on Medtronic's petitions, the Court granted QXMédical's motion to extend the stay.  ECF No. 224.

The PTAB has now largely concluded its work and issued decisions on most of the disputed claims.  In addition, based on the PTAB's prior rulings, the parties have a

good idea as to how the PTAB is likely to rule on the remaining claims.  ECF No. 235 at 10–11.  A number of claims at issue in this case survived IPR, including claims that the Court has already found QXMédical to be infringing.

This matter is before the Court on QXMédical's motion to continue the stay in light of Medtronic's decision to appeal the PTAB's adverse decisions.  In deciding whether to grant a stay, courts consider such factors as whether a stay would prejudice the nonmoving party, whether a stay will simplify the issues, and whether discovery is complete and a trial date is set.  *Snyders Heart Valve LLC v. St. Jude Med. S.C. Inc.*, No. 18-2030 (JRT/DTS), 2021 WL 1063005, at *4 (D. Minn. Mar. 19, 2021).

The balance of these factors weighs against extending the stay.  Discovery has long been complete and, as noted, the Court has already found that QXMédical's product infringes several of the claims at issue.  This case has been ready for trial since before the Court entered the initial stay and trial is scheduled to begin on January 24.  While it is possible that further proceedings could simplify this case, that consideration does not outweigh the harm to defendants from further delay.  Moreover, the Court cannot ignore that QXMédical has already gotten the benefit of a long stay despite the fact that it did not choose to petition for IPR and no longer has any right to do so.  QXMédical contends that the Court can continue the current injunction against U.S. sales of QXMédical's infringing product, leaving defendants no worse off.  But

defendants are entitled to attempt to recover their damages, and given the very lengthy delay that the Court has already countenanced in this case, the Court gives defendants' preference substantial weight at this point. In short, given the rulings of the PTAB and given the passage of time, the balance of equities has shifted and now weighs in defendants' favor. QXMédical's motion to continue the stay is denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion to continue stay [ECF No. 239] is DENIED.

2. The stay and injunction previously entered by the Court [ECF No. 224] are dissolved.

Dated: October 5, 2021

s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge