UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| VASCULAR SOLUTIONS LLC; TELEFLEX LLC; TELEFLEX LIFE SCIENCES LLC; and ARROW INTERNATIONAL LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MEDTRONIC, INC. and MEDTRONIC VASCULAR, INC.,<br><br>Defendants. | Case No. 19-CV-1760 (PJS/TNL)<br><br><br><br><br>ORDER |

This matter is before the Court on remand from the United States Court of Appeals for the Federal Circuit.

Plaintiffs Vascular Solutions LLC, Teleflex LLC, Teleflex Life Sciences LLC, and Arrow International LLC (collectively "Teleflex") brought this patent-infringement action against defendants Medtronic, Inc. and Medtronic Vascular, Inc. (collectively "Medtronic"). Teleflex claimed that Medtronic's Telescope catheter infringes claims in a family of patents that are directed to guide-extension catheters used in interventional-cardiology procedures.[1] Medtronic counterclaimed for declarations of non-infringement and invalidity.

---

[1] The technology is described in a *Markman* order entered in another case involving the same family of patents. *See QXMédical, LLC v. Vascular Sols., LLC*, No. 17-CV-1969 (PJS/TNL), 2018 WL 5617568 (D. Minn. Oct. 30, 2018).

The case proceeded to claim construction, during which the Court was asked to construe "substantially rigid portion"—a term common to all the asserted claims. After concluding that the term was fatally indefinite, the Court entered judgment on behalf of Medtronic. ECF Nos. 536, 543, 545. The Court, the parties, and a Court-appointed expert had spent many hours—in fact, many hundreds of hours—attempting to find a viable definition of "substantially rigid portion" without success. The Court finally threw in the towel, explaining at length why the proposed definitions of the parties and the expert did not work. ECF No. 536; *see also* ECF No. 463 at 163–65.

The Federal Circuit reversed this Court's determination. *See Vascular Sols. LLC v. Medtronic, Inc.*, No. 2024-1398, 2024 WL 4195130, at *1 (Fed. Cir. Sept. 16, 2024). The Federal Circuit did not provide its own definition of the contested term, nor even hold that the term was not indefinite. Instead, the Federal Circuit held (among other things) that this Court erred in (1) finding claims that require the side opening to be *within* the substantially rigid portion to be mutually exclusive to claims that require the side opening to be *outside* the substantially rigid portion and (2) finding that the substantially rigid portion could not be defined in a functional way.[2] *Id.* at *7.

---

[2]The Federal Circuit seemed to believe that this Court had been unsuccessful in defining "substantially rigid portion" in a functional way because the Court had mistakenly concluded that "the *boundary* of the 'substantially rigid portion' must be the same for all claims." *Vascular Sols. LLC*, 2024 WL 4195130, at *6 (emphasis added). This Court did not say that—and, in fact, in attributing this position to this Court, the

(continued...)

Having carefully reviewed the Federal Circuit's opinion, the Court finds itself at the same impasse that led it to find the asserted claims indefinite. The Court is at a loss, for example, to understand how claims that require the side opening to be placed *within* the substantially rigid portion and claims the require the side opening to be placed *outside* the substantially rigid portion could be considered anything other than mutually exclusive, as it is impossible for the side opening to be simultaneously within and outside the substantially rigid portion. The Court is even more puzzled as to how it can accomplish this feat of logic while also, as the Federal Circuit instructs, defining "substantially rigid portion" in a functional rather than a structural manner *and* ensuring that it bears the same meaning across all claims. *Id.*[3]

---

[2](...continued)
Federal Circuit did not actually cite this Court, but instead cited Teleflex's (inaccurate) characterization of this Court's views. *Id.* What this Court held is that the term "substantially rigid portion" must have the same *meaning* within a patent, see ECF No. 536 at 12 (adopting "the expert's conclusion that 'substantially rigid portion' should . . . have the same construction across all claims")—something the Federal Circuit itself held in this case and many times in the past, *see, e.g., Omega Eng'g, Inc, v. Raytek Corp.*, 334 F.3d 1314, 1334 (Fed. Cir. 2003) ("we presume, unless otherwise compelled, that the same claim term in the same patent or related patents carries the same construed meaning"), and something that is necessary if a person skilled in the field is to know how to identify the boundaries of the "substantially rigid portion" for purposes of a particular claim.

[3]Again, this Court, the parties, and the expert witness have all tried to come up with a functional construction of "substantially rigid portion," and, for reasons the Court has explained, none of the proposed functional constructions are viable. For example, this Court explained that the term "substantially rigid portion" cannot mean
(continued...)

A judge shall disqualify himself "[w]here he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1); *see also Liteky v. United States*, 510 U.S. 540, 551–54 (1994) (while bias or prejudice ordinarily has an extrajudicial source, "predispositions developed during the course of a trial will sometimes (albeit rarely) suffice" to require recusal). This Court struggled for years to define "substantially rigid portion," and eventually found that any claim using the term "fail[s] to inform, with reasonable certainty, those skilled in the art about the scope of the invention." *Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898, 901 (2014). The Federal Circuit's opinion does not persuade the Court otherwise, and the Court has no idea how to reconcile the Federal Circuit's varying instructions with each other or with the facts of this case.

At this point, the Court does not believe that it can impartially resolve the parties' dispute. The Court therefore concludes that it must recuse in this case and in the related case, *QXMédical, LLC v. Vascular Solutions, LLC*, No. 17-CV-1969 (PJS/TNL).

---

[3](...continued)
any portion that is "rigid enough to allow the device to be advanced within the guide catheter," because in *every* embodiment, the *entire device* (save, perhaps, the distal tip) is "rigid enough to allow the device to be advanced within the guide catheter." If it were otherwise, the distal tip would never reach its target. *See* ECF No. 463 at 101–02; *see also id.* at 163 ("I don't think Teleflex's interpretation works for a number of reasons, the main one of which, as we established today, is literally it would mean every device that works is entirely one large substantially rigid portion."); *cf.* ECF No. 536 at 5 (noting that the Court's functional construction was premised on the assumption that the boundaries of the "substantially rigid portion" are readily identifiable). Nowhere in its opinion does the Federal Circuit explain why this Court was incorrect in finding that the functional definitions that have been proposed are not viable.

The Court does not take this step lightly. In almost 20 years on the bench, the undersigned has never once recused after being reversed by an appellate court. But in this case, the Court literally does not know how it would proceed to construe "substantially rigid portion" in a manner consistent with the Federal Circuit's opinion and does not believe that it can set aside its previous conclusions to make an impartial determination. It is best that this case be handled by a different judge who can write on a clean slate.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the undersigned recuses from this case.

Dated: October 24, 2024      s/Patrick J. Schiltz
                             Patrick J. Schiltz, Chief Judge
                             United States District Court