UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| QXMEDICAL, LLC, | Case No. 17-cv-1969 (LMP/SGE) |
| Plaintiff, | |
| v. | |
| VASCULAR SOLUTIONS, LLC, ARROW INTERNATIONAL LLC, TELEFLEX LLC, and TELEFLEX LIFE SCIENCES LLC, | **ORDER DENYING REQUEST TO FILE MOTION FOR RECONSIDERATION** |
| Defendants. | |

Before the Court is Plaintiff QXMédical, LLC's ("QXMédical") letter, pursuant to Local Rule 7.1(j), seeking leave to file a motion to reconsider an October 2, 2019 summary judgment order and to allow QXMédical to assert a new non-infringement defense at trial, ECF No. 397, which is set to begin on September 29, 2025, ECF No. 393. Defendants Vascular Solutions, LLC, Arrow International LLC, Teleflex LLC, and Teleflex Life Sciences LLC (collectively "Teleflex") object and ask that the Court deny QXMédical leave to file the motion. ECF No. 399. For the reasons stated below, the Court denies leave to file.

QXMédical brought this action in June 2017, seeking a declaration that its Boosting Catheter did not infringe any of Teleflex's patents. ECF No. 1. Relevant here, on October 2, 2019, the Court granted Teleflex summary judgment in part and held that the Boosting Catheter infringed claims 25, 36, 52, and 53 of Teleflex's RE45,776 patent. ECF No. 156 at 39–40.

Nearly three years later, on April 6, 2022, QXMédical filed a motion seeking leave to amend its non-infringement defenses. ECF No. 311. At that point, trial was set for June 27, 2022. ECF No. 289. Notwithstanding, QXMédical argued that proceedings in a related case, *see Vascular Sols. LLC v. Medtronic, Inc*., No. 19-cv-1760 (PJS/TNL) (D. Minn. filed July 2, 2019), provided it with a new theory of non-infringement "based on the absence in the accused Boosting Catheter of a side opening distal to the substantially rigid portion/segment." ECF No. 314 at 20.[1] QXMédical argued that it could not have become aware of this new defense until March 21, 2022, when the Court in the *Medtronic* case denied a motion for preliminary injunction sought by Teleflex. ECF No. 314 at 1–2, ECF No. 328 at 22–23 (summarizing QXMédical's argument).

United States Magistrate Judge Tony N. Leung denied QXMédical's motion. ECF No. 328 at 26. Judge Leung found that QXMédical had not acted diligently in pursuing this non-infringement defense because nothing had precluded QXMédical from raising the defense from the beginning of the case. *Id.* at 25–26. And Judge Leung explained that even though QXMédical may not have become aware of the defense until Medtronic "tipped [it] off" in the 2022 *Medtronic* proceedings, the *Medtronic* preliminary injunction ruling did "not change the fact that QXMédical had ample opportunity to explore and assert

---

[1] Although filed under Rule 16, United States Magistrate Judge Tony N. Leung recognized that the relief QXMédical sought would necessarily require him to overturn aspects of the Court's summary judgment order and that the motion should likely have been filed in accordance with Local Rule 7.1(j), governing the reconsideration of such orders. ECF No. 328 at 21–22.

2

this defense" and that simply because "QXMédical did not make this argument does not render it somehow previously unavailable." *Id.* at 26.

QXMédical objected, ECF No. 329, but Chief United States District Judge Patrick J. Schiltz overruled its objections, ECF No. 331. Judge Schiltz agreed with Judge Leung that "QXMédical could have raised its proposed new defense years ago," and there was nothing compelling about the fact that "QXMédical simply became aware . . . [of] a defense that another party raised in a different case and that QXMédical could have, but did not, raise in this case." *Id.* at 2. Judge Schiltz further noted that allowing QXMédical to assert the defense "would unwind years of work in this case, as it would almost certainly require additional discovery and possibly additional dispositive-motion practice" and that the resulting prejudice to Teleflex would be severe. *Id.* at 3.

The parties agreed to a stay shortly thereafter, largely to wait for a resolution of the *Medtronic* case. ECF No. 335. In February 2024, the parties stipulated to final judgment based on the conclusion of *Medtronic* and the court's finding in that case that all of Teleflex's asserted patents are invalid, ECF Nos. 349, 351, but reopened the case on December 18, 2024, after the Federal Circuit Court of Appeals reversed and remanded the *Medtronic* case for further proceedings, ECF No. 372; *see also Vascular Sols. LLC v. Medtronic, Inc.*, 117 F.4th 1361 (Fed. Cir. 2024). Following a subsequent status conference in January 2025, the Court set a trial in this case for September 29, 2025. ECF No. 382.

On June 27, 2025, the Court issued a new claim construction order in the *Medtronic* case. *See Vascular Sols. LLC v. Medtronic, Inc.*, No. 19-cv-1760 (LMP/SGE), ECF No. 610 (D. Minn. June 27, 2025). On July 9, 2025, the Court held another status conference in this case, largely to discuss any outstanding issues before trial and to discuss what effect, if any, the Court's claim construction order relating to "substantially rigid portion" in *Medtronic* might have on this case. During that status conference, QXMédical indicated that it had reviewed the claim construction order and that it believed the order created a new non-infringement defense for QXMédical as to all the claims Teleflex continues to assert. ECF No. 390 at 5–10. In essence, QXMédical contends that the Court's claim construction order made it clear that QXMédical could not infringe any of Teleflex's patents that require the side opening to be distal to the substantially rigid portion. *Id.* at 7. Accordingly, QXMédical sought permission to file a letter, pursuant to Local Rule 7.1(j), and a subsequent motion asking the Court to reconsider the October 2, 2019 summary judgment order and to allow QXMédical to assert a new non-infringement defense at trial. *Id.* at 8–10.

Over Teleflex's objection, the Court allowed QXMédical to submit a letter explaining its argument, and QXMédical did so. ECF No. 397. It argues first and foremost that its non-infringement defense is legally correct because the claims asserted against it "require a side opening segment distal to a proximal substantially rigid portion. But, the distal end of the Boosting Catheter's twin-wire pushrod is distal to the proximal side opening." *Id.* at 2–3. As to why the Court should allow it to assert a defense so many years

4

after the summary judgment order, QXMédical argues that it could not have discovered such a defense earlier because Teleflex effectively hid the ball during the earlier stages of litigation and because it was not until the Court's June 2025 claim construction order that the non-infringement defense crystallized. *Id.* at 6–7.

Teleflex responds that the Court should deny QXMédical's request for two reasons. ECF No. 399 at 1–3. First, Teleflex argues that QXMédical's request for reconsideration is nearly identical to the request QXMédical brought in 2022, when it sought leave to add the same non-infringement defense. *Compare* ECF No. 314 at 20 (arguing that the Boosting Catheter does not infringe "based on the absence in the accused Boosting Catheter of a side opening distal to the substantially rigid portion/segment"); *with* ECF No. 397 at 3 (arguing that the Boosting Catheter does not infringe because "the distal end of the Boosting Catheter's twin-wire pushrod is distal to the proximal side opening") (cleaned up).[2] Yet both Judge Leung and Judge Schiltz held that, even in 2022, it was too late to raise the defense. ECF No. 328 at 26; ECF No. 331. Second, Teleflex argues that it would be extremely prejudicial to allow QXMédical to raise the new defense because Teleflex then would need to "revisit which claims it is asserting . . . conduct additional claim construction; and the parties would need to re-do expert discovery and summary judgment." ECF No. 399 at 2.

---

[2]   Indeed, at the July 9, 2025 hearing, QXMédical acknowledged that "We thought to raise an argument similar to this . . . three years ago," and that "[w]e would like to make another motion to amend to raise this argument." ECF No. 390 at 7.

Having reviewed the parties' arguments and the record in this case, the Court agrees with Teleflex and denies QXMédical leave to file a motion to reconsider. Local Rule 7.1(j) prohibits filing a motion to reconsider without leave of court. And a party must show "compelling circumstances" to receive permission to file a motion to reconsider. L.R. 7.1(j). Further, a motion to reconsider serves "a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (citation omitted). That is to say, a motion to reconsider should not be used to repeat arguments previously made or to make arguments that could have been made earlier. *Id.*; *see also Niazi Licensing Corp. v. Bos. Sci. Corp.*, No. 17-cv-5094 (WMW/BRT), 2019 WL 6827588, at *1 (D. Minn. Dec. 13, 2019) ("A motion for reconsideration cannot be employed to repeat arguments previously made[.]").

The Court does not find the necessary compelling circumstances present here. As it did in 2022, QXMédical simply seeks leave to assert a non-infringement defense that it could have raised earlier but did not. Indeed, as the Court understands QXMédical's argument, it is seeking leave to assert the *same* defense that it attempted to raise three years ago. Yet, even in 2022, Judge Leung and Judge Schiltz denied QXMédical's request precisely because nothing had precluded QXMédical from raising the defense earlier, ECF No. 328 at 25–26, and that "QXMédical simply became aware . . . [of] a defense that another party raised in a different case and that QXMédical could have, but did not, raise in this case," ECF No. 331 at 2. Judge Schiltz further emphasized the prejudice that would accrue to Teleflex in allowing a new defense to be raised just months before trial and nearly

6

three years after summary judgment. *Id.* at 3. The Court agrees. If QXMédical was too late then, it is too late now.

## ORDER

Based on the foregoing and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that QXMédical's request for leave to file a motion for reconsideration (ECF No. 397) is **DENIED**.

Dated: July 30, 2025

*s/Laura M. Provinzino*
Laura M. Provinzino, Judge
United States District Court